IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARINDA LAWRENCE,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 19-00099-KD-B |
| **OAKWOOD NBI CENTER FOR LIVING,** | : |
| Defendant. | : |

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendant, Gulf Health Hospitals d/b/a Oakwood-North Baldwin Infirmary's Motion to Dismiss Complaint.[1] (Doc. 9). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Upon review of Plaintiff's complaint, and for the reasons stated herein, it is **RECOMMENDED** that Defendant's motion be granted, that Plaintiff's complaint be dismissed without prejudice, but that Plaintiff be given an opportunity to file an amended complaint.

---

[1] According to Defendant, its correct name is Gulf Health Hospitals d/b/a Oakwood-North Baldwin Infirmary, not Oakwood NBI Center for Living, as designated in the Complaint. (Doc. 9 at 1). Defendant is referred to herein as "Oakwood."

### I. Background Facts[2]

Plaintiff Marinda Lawrence, proceeding *pro se*, commenced this action on February 28, 2019, against Defendant Oakwood. (Doc. 1). As best the Court can discern from the complaint, Lawrence asserts that she was employed by Defendant from November 14, 2013, to April 6, 2018, as a nurse; that she was discriminated against on the basis of a physical disability, her age, and her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Family Medical Leave Act ("FMLA"), and the Equal Pay Act ("EPA").[3] (Id. at 1-3). Lawrence seeks recovery against Defendant Oakwood for back pay and reinstatement. (Id. at 3).

In response to Plaintiff's complaint, Defendant Oakwood filed the instant motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted and for failure to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure. (Doc. 9). Specifically, Defendant argues that Lawrence has failed to allege

---

[2] For purposes of resolving Defendant's motion to dismiss, the Court accepts as true the facts alleged in Plaintiff's complaint.

[3] Lawrence states that she filed charges with the EEOC in March 2018 and on November 30, 2018, she received a right to sue letter, a copy of which is attached to her complaint. (Doc. 1 at 3).

facts that would establish the essential elements of the claims asserted in the complaint. (Id.).

In response to Defendant's motion to dismiss, Lawrence argues that, upon return from her FMLA leave, she learned that Defendant had filled her position, and she was offered a demotion, a shift change, and a transfer to another part of the facility as punishment for declining her employer's request to postpone her surgery against the advice of her doctor. (Doc. 11 at 2). In Defendant's reply, Defendant maintains that Lawrence's rambling allegations in her complaint fail to state a claim upon which relief can be granted under any of the statutes cited in her complaint. (Doc 12 at 1).

## II. Standard of Review

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable

3

inferences" are drawn in favor of the plaintiff. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ., on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). The plaintiff must plead "enough facts to state a claim that is plausible on its face." Id. at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." Id.

"[U]nsupported conclusions of law or of mixed fact and law" will not defeat a Rule 12(b)(6) motion for dismissal. Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) (quoting Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' — that the

4

pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 664). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Id. (quoting Iqbal, 556 U.S. at 682).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a less stringent standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Iqbal, 556 U.S. 662 (2009). Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the

Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. **Analysis**

As stated, in Defendant's brief in support of its motion to dismiss, Defendant argues that Lawrence's claims under Title VII, the ADA, the ADEA, the FMLA, and the EPA are due to be dismissed because she fails to plead any facts that would state a claim upon which relief could be granted under any of these provisions. (Doc. 9). The Court agrees that, as written, Lawrence's complaint is deficient.

First, the Court considers Plaintiff's Title VII race-based discrimination claim. "Under Title VII, it is unlawful for an employer to discharge or discriminate against any individual on the basis of his race[.]" Patel v. Georgia Dep't BHDD, 485 Fed. Appx. 982, 983 (11th Cir. 2012) (citing 42 U.S.C. § 2000e-2(a)(1)). "In order to state a Title VII discrimination claim for which relief could be granted, Plaintiff must allege sufficient factual information that, accepted as true, suggests that her claim that she was denied a promotion or terminated because of her race is more than just speculation on her part." Hicks v. Auburn Univ., 2017 U.S. Dist. LEXIS 144138, *9, 2017 WL 4324706, *3-4 (M.D. Ala. Sept. 5, 2017), *report and recommendation adopted*, 2017 WL 4322827 (M.D. Ala. Sept. 28, 2017)(citing Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d

6

955, 974 (11th Cir. 2008); and Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)) (Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas *prima facie* case, it must provide enough factual matter to suggest intentional race discrimination.)). Here, Lawrence has not identified her race, let alone alleged any facts that, if proven, would suggest that her termination/demotion was related to her race. Although Plaintiff lists Director of Nursing Cheri Powell as the person who discriminated against her, she does not indicate the race of the decision maker(s), nor offer any facts suggesting a discriminatory animus. (Doc. 1 at 2). Thus, Lawrence has failed to allege any facts that would support a claim of racially motivated termination.

Second, with respect to her ADA claim, Lawrence alleges in her complaint that Defendant Oakwood discriminated against her due to her physical disability, but she provides no facts in support of her assertion. However, in her response in opposition to Defendant's motion, Lawrence indicates that, while she was on medical leave, her position was filled, and when she returned, she was offered a demotion. To state a retaliation claim under the ADA, a plaintiff must show that her employer discriminated against her for opposing an act or practice made illegal under the ADA. See 42 U.S.C. § 12203(a); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th

7

Cir. 1997). To establish a prima facie case in the context of a retaliation claim, a plaintiff must show that "(1) she engaged in statutorily protected activity, (2) she suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." Schaaf v. Smithkline Beecham Corp., 602 F.3d 1236, 1243 (11th Cir. 2010) (citation omitted). Plaintiff's complaint, as currently drafted, does not contain facts sufficient to state an ADA claim; however, the allegations listed in her response in opposition to Defendant's motion to dismiss suggest that, if afforded an opportunity to file an amended complaint, Lawrence could likely state a retaliation claim under the ADA.

Next, the Court considers Lawrence's claim under the EPA. "To make a prima facie case under the Equal Pay Act, an employee 'must show that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" Moore v. Baker, 2019 U.S. Dist. LEXIS 38628, *20-21, 2019 WL 1374674, *7 (S.D. Ala. Mar. 8, 2019), *report and recommendation adopted,* 2019 WL 1371143 (S.D. Ala. Mar. 26, 2019) (quoting Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992)). Here, Plaintiff has made no such allegations in her complaint.

8

Next, the Court considers Plaintiff's claim under the ADEA. Under the ADEA, it is unlawful for an employer to discharge or otherwise discriminate against an employee who is at least 40 years old on the basis of age. See Pettway v. Mobile Cty. Revenue Comm'r, 2017 U.S. Dist. LEXIS 58211, *4, 2017 WL 1745488, *2 (S.D. Ala. Apr. 14, 2017), *report and recommendation adopted*, 2017 WL 1745557 (S.D. Ala. May 4, 2017) (citing 29 U.S.C. § 623(a)). To establish a prima facie case under the ADEA, the plaintiff bears the burden of proving that (1) she was a member of the protected class (*i.e.,* at least 40 years old at the time of the adverse employment action); (2) she was subject to an adverse employment decision; (3) the position she sought was filled by a substantially younger person; and (4) she was qualified for the position. See id. (citing Chapman v. AI Transp., 229 F.3d 1012, 1043 (11th Cir. 2000)). Age discrimination claims also require that the plaintiff ultimately show that her age was the "but-for" cause of the adverse employment decision. See id. (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009)). Here, Plaintiff lists her age as 60 and cites the ADEA as the basis for relief; however, her complaint is wholly bereft of any facts suggesting that she was treated differently from younger employees because of her age. Accordingly, as written, her complaint fails to state a claim under the ADEA.

Last, the Court considers Lawrence's claim under the FMLA. "The FLMA protects employees against interference with the exercise or attempted exercise of their substantive rights under the statute." Sierra v. Port Consol. Jacksonville, L.L.C., 2016 U.S. Dist. LEXIS 28085, *30, 2016 WL 927189, *10 (M.D. Fla. Mar. 4, 2016) (quoting Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1247 (11th Cir. 2015)). In her complaint, Plaintiff merely lists the FMLA as a statute to which the "acts complained of in this suit concern." (Doc. 1 at 1). Indeed, the complaint itself contains no allegations related to the FMLA; however, as discussed, in her response to Defendant's motion to dismiss, Lawrence asserts that, upon return from her FMLA leave, she learned that her position had been filled, and she was offered a demotion, a shift change, and a transfer to another part of the facility as punishment for declining her employer's request to postpone her surgery against the advice of her doctor. (Doc. 11 at 2). To state a retaliation claim under the FMLA, an employee must demonstrate that her employer intentionally discriminated against her based on having exercised an FMLA right—such as, for instance, taking FMLA leave.[4] See 29 U.S.C. § 2615(a)-(b); Jones

---

[4] As noted, *supra*, to establish a prima facie case in the context of a retaliation claim, a plaintiff must show that "(1) she engaged in statutorily protected activity, (2) she suffered an adverse employment decision, and (3) the decision was causally
(Continued)

v. Gulf Coast Health Care of Delaware, LLC, 854 F.3d 1261, 1270 (11th Cir. 2017).  Plaintiff's complaint, as currently drafted, does not contain facts sufficient to state a claim under the FMLA; however, the allegations listed in her response in opposition to Defendant' motion suggest that, if afforded an opportunity to file an amended complaint, Lawrence could likely state a retaliation claim under the FMLA.

Plaintiff's factual allegations contained in the complaint are not sufficient to "nudge[] [her] claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.  Nevertheless, before an action is dismissed with prejudice for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend the complaint once if a more carefully drafted version might state a claim.  See Woldeab v. Dekalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291-92 (11th Cir. 2018)(where a more carefully drafted complaint might state a claim, a district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend before the court dismisses with prejudice); see Lee v. Alachua Cnty., FL, 461 Fed. Appx. 859, 860 (11th Cir. 2012); Schmitt v. United States Office of Pers. Mgmt., 403 Fed. Appx. 460, 462

---

related to the protected activity."  Schaaf, 602 F.3d at 1243 (citation omitted).

(11th Cir. 2010). This is true even where the plaintiff does not seek leave to amend her complaint. Woldeab, 885 F.3d at 1291. Accordingly, the undersigned recommends that Lawrence be granted leave to amend her complaint.

### IV. Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Defendant's motion to dismiss [Doc. 9] be **GRANTED**, but that Lawrence be granted leave to file an amended complaint.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may

review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **October, 2019.**

                                                                              /s/ SONJA F. BIVINS
                                              **UNITED STATES MAGISTRATE JUDGE**