# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARINDA LAWRENCE, :<br>    Plaintiff, :<br>:<br>v. :<br>:   CIVIL ACTION 1:19-00099-KD-B<br>OAKWOOD NBI CENTER FOR LIVING, :<br>    Defendant. : | |

## ORDER

This matter is before the Court on a *sua sponte* review of the record.

On February 28, 2019, *pro se* Plaintiff Marinda Lawrence (Lawrence) filed a complaint against her former employer, Defendant Oakwood NBI Center for Living (Oakwood), alleging what appears to be a Title VII race discrimination claim and violations of the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act of 1967 (ADEA), the Family Medical Leave Act (FMLA), and the Equal Pay Act (EPA), in connection with Oakwood's termination of her employment. (Doc. 1).[1] In response, on June 28, 2019, Oakwood moved to dismiss per Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and for failure to comply with Rules 8 and 9 (that Lawrence failed to allege facts that would establish the essential elements of her claims). (Doc. 9). Briefing on the motion was complete on August 1, 2019. (Docs. 11, 12).

The Court finds that Oakwood's motion to dismiss is due to be granted because: (1) Lawrence's complaint fails to state a claim upon which relief can be granted per rule 12(b)(6); and (2) for failure to prosecute because she did not amend her complaint as ordered.

---

[1] Lawrence also moved for *in forma pauperis* status (Doc. 2), which was denied with two (2) options: refile in compliance with the instructions given, or pay the filing fee. (Doc. 3). Lawrence paid the fee. (Doc. 4).

## I. **Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> ***
>
> (6) failure to state a claim upon which relief can be granted; and

Oakwood moves for failure to state a claim arguing that "[i]t is impossible to discern from Plaintiff's complaint what claims she is alleging." (Doc. 9-1 at 1). Oakwood alleges further that Lawrence's complaint is "devoid… of any factual allegations supporting or even related to…" her asserted claims. (Id.).

On October 3, 2019, the Magistrate Judge issued a Report and Recommendation, recommending that Oakwood's motion to dismiss be granted but that Lawrence be granted leave to file an amended complaint. (Doc. 13). In so doing, the Magistrate thoroughly discussed the deficiencies in Lawrence's complaint supporting dismissal per rule 12(b)(6) for failure to state a claim:

> ....First, the Court considers Plaintiff's Title VII race-based discrimination claim. "Under Title VII, it is unlawful for an employer to discharge or discriminate against any individual on the basis of his race[.]"...
>
> ***
>
> ...Here, Lawrence has not identified her race, let alone alleged any facts that, if proven, would suggest that her termination/demotion was related to her race. Although Plaintiff lists Director of Nursing Cheri Powell as the person who discriminated against her, she does not indicate the race of the decision maker(s), nor offer any facts suggesting a discriminatory animus. (Doc. 1 at 2). Thus, Lawrence has failed to allege any facts that would support a claim of racially motivated termination.
>
> Second, with respect to her ADA claim, Lawrence alleges in her complaint that Defendant Oakwood discriminated against her due to her physical disability, but she provides no facts in support of her assertion. However, in her response in opposition to Defendant's motion, Lawrence indicates that, while she was on medical leave, her position was filled, and when

she returned, she was offered a demotion. To state a retaliation claim under the ADA, a plaintiff must show that her employer discriminated against her for opposing an act or practice made illegal under the ADA....

***

Plaintiff's complaint, as currently drafted, does not contain facts sufficient to state an ADA claim; however, the allegations listed in her response in opposition to Defendant's motion to dismiss suggest that, if afforded an opportunity to file an amended complaint, Lawrence could likely state a retaliation claim under the ADA.

Next, the Court considers Lawrence's claim under the EPA. "To make a prima facie case under the Equal Pay Act, an employee 'must show that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'"... Here, Plaintiff has made no such allegations in her complaint.

Next, the Court considers Plaintiff's claim under the ADEA. Under the ADEA, it is unlawful for an employer to discharge or otherwise discriminate against an employee who is at least 40 years old on the basis of age.....Here, Plaintiff lists her age as 60 and cites the ADEA as the basis for relief; however, her complaint is wholly bereft of any facts suggesting that she was treated differently from younger employees because of her age. Accordingly, as written, her complaint fails to state a claim under the ADEA.

Last, the Court considers Lawrence's claim under the FMLA. "The FLMA protects employees against interference with the exercise or attempted exercise of their substantive rights under the statute.".....In her complaint, Plaintiff merely lists the FMLA as a statute to which the "acts complained of in this suit concern." (Doc. 1 at 1). Indeed, the complaint itself contains no allegations related to the FMLA; however, as discussed, in her response to Defendant's motion to dismiss, Lawrence asserts that, upon return from her FMLA leave, she learned that her position had been filled, and she was offered a demotion, a shift change, and a transfer to another part of the facility as punishment for declining her employer's request to postpone her surgery against the advice of her doctor.....Plaintiff's complaint, as currently drafted, does not contain facts sufficient to state a claim under the FMLA; however, the allegations listed in her response in opposition to Defendant' motion suggest that, if afforded an opportunity to file an amended complaint, Lawrence could likely state a retaliation claim under the FMLA.

Plaintiff's factual allegations contained in the complaint are not sufficient to "nudge[] [her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Nevertheless, before an action is dismissed with prejudice for failure to state a claim, a pro se plaintiff should be given an opportunity to amend the complaint once if a more carefully drafted version might state a claim....the undersigned recommends that Lawrence be granted leave to amend her complaint....

(Doc. 13 at 6-12). Lawrence filed no Objections to the Report and Recommendation.

On October 29, 2019, the Court adopted the Report and Recommendation in part, and in so doing, provided Lawrence with one final opportunity to amend her complaint, stating that:

> ...the Report and Recommendation of the Magistrate Judge dated October 3, 2019 is **ADOPTED in part** as follows: the reasoning with regard to the insufficiency of the Plaintiff's allegations is **ADOPTED**. However, Defendant's motion to dismiss is **DENIED** at this time. The Plaintiff is **GRANTED LEAVE** of Court to file an amended complaint.
>
> It is **ORDERED** that Plaintiff shall file, on before **November 12, 2019,** an amended complaint that cures the deficiencies specified in the Report & Recommendation and complies with same.
>
> ***Plaintiff is advised that failure to file a conforming amended complaint by November 12, 2019 will result in dismissal of her case***.

(Doc. 14 (emphasis in original)). Lawrence filed nothing by the November 12, 2019 deadline. And to date, nothing has been filed by Lawrence in response to the Court's order. As detailed in the Magistrate Judge's Report and Recommendation, the current complaint fails to state a claim upon which relief can be granted. The Court thus finds grounds for dismissal per Federal Rule of Civil Procedure 12(b)(6).

## II. Failure to Prosecute and Amend Complaint

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Rule 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is

inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id. See Carson v. World Marine of Ala., LLC, 2017 WL 6508367, *1-2 (S.D. Ala. Nov. 30, 2017), *Report & Recommendation adopted by* 2017 WL 6499247 (S.D. Ala. Dec. 19, 2017) (same).

The record reveals Lawrence failed to file an amended complaint as ordered by the Court and failed to comply with the Court's instructions. "This Court has held that district courts possess the inherent power to police their own docket" and "[a]s a corollary to this power judges have the authority to impose formal sanctions on litigants ranging from 'from a simple reprimand to an order dismissing the action with or without prejudice.'" Warner v. Tinder, Inc., 675 Fed.Appx. 945, 946 (11th Cir. 2017) (citing Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989)). See also e.g., Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorizes the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545-1546 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permits the imposition of fines), cert. den., 510 U.S. 863 (1993). A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. See, e.g., Link v. Wabash R. R., 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); Dietz v. Bouldin, 136 S.Ct. 1885, 1892-93 (2016) (same).

While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a pro se litigant's failure to comply with federal

procedural rules, local court rules, or orders of the court. See, e.g., *Brown v. Tallahassee Police Dep't*, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming sua sponte dismissal of pro se action for failure to prosecute or failure to obey a court order.).

The record makes clear that Lawrence failed to comply with orders of this Court and the rules governing the filings of complaints, as well as failed to avail herself of the opportunities provided to amend her complaint. Notably, most recently, the Court specifically advised Lawrence cautioned that failure to file a corrected conforming amended complaint by November 12, 2019 "***will result in dismissal of her case***." (Doc. 14). Lawrence has made no attempt to file an amended complaint, nor did she seek Court assistance with same. The Court finds that on this basis, Lawrence's complaint is also due to be dismissed for failure to prosecute and for failure to amend complaint as ordered.

### III.     Conclusion

Accordingly, it is **ORDERED** that this action is **DISMISSED with prejudice**[2] under the Court's inherent power to manage its docket and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failing to prosecute her case and amend her complaint as ordered by the Court (leaving a deficient complaint). No lesser sanction will suffice. The action is also **DISMISSED** for failure to state a claim pursuant 12(b)(6), although plaintiff was given the opportunity to amend.

---

[2] "Dismissal with prejudice under Rule 41(b) where there is: (1) a clear record of willful contempt; and (2) an implicit or explicit finding that lesser sanctions would not suffice." Fequiere v. Alabama State Univ., 558 F. App'x. 881, 882 (11th Cir. 2014) (citing Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999)). In Fequiere, "plaintiffs twice failed to adhere to the imposed deadline to file an amended complaint. In the first instance, the Magistrate Judge granted an extension of the deadline based on plaintiffs' untimely motion to extend. The judge warned plaintiffs that their failure to file an amended complaint could result in dismissal. *See Moon,* 863 F.2d at 837. Even if plaintiffs' claims would be time-barred, the District Court found that there was a clear record of plaintiffs' failure to comply with the Magistrate Judge's orders, and it implicitly found that the sanction was necessary in order to avoid rewarding the plaintiffs' noncompliance." Id. Similarly here, Lawrence failed to file an amended complaint despite being told that failing to do so would result in the dismissal of her case.

The Clerk is **DIRECTED** to mail a copy of this order to Lawrence at the address provided by Plaintiff:

>Marinda Lawrence
>118 Bayou Avenue
>Saraland, Alabama 36571

**DONE** and **ORDERED** this the **11th** day of **December 2019.**

>/s/ Kristi K. DuBose
>**KRISTI K. DuBOSE**
>**CHIEF UNITED STATES DISTRICT JUDGE**